IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 11-CV-912-WDS |
| ) | |
| FRANKIE L. SANDERS, in his individual ) | |
| capacity; FRANKIE L. SANDERS, in his ) | |
| capacity as trustee of the Y & K Leasing ) | |
| Trust; FRANKIE L. SANDERS, in his ) | |
| capacity as trustee of the Triple S Family ) | |
| Trust; and THE STATE OF ILLINOIS ) | |
| DEPARTMENT OF REVENUE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendant Frankie L. Sanders' ("Sanders") Motion to Dismiss (Doc. 6), to which plaintiff has filed a response (Doc. 12), and Sanders has filed a reply (Doc. 20). Sanders seeks dismissal of the complaint against him as an individual and in his capacity as trustee, based upon his assertion that the United States has failed to state a claim upon which relief can be granted. Sanders argues that because of the lack of internal revenue districts and district directors, the United States is not entitled to pursue collection remedies against him.

**BACKGROUND**

Plaintiff, the United States of America, brought this action pursuant to 26 U.S.C. § 7401(a), to collect from Sanders outstanding liabilities for federal internal revenue taxes, and to enforce federal income tax liens upon his interests in certain realty (Doc. 2). The government alleges that Sanders failed to file income tax returns for each of the taxable years ending December 31, 1991,

through December 31, 1997, and for each of those years, the Commissioner of Internal Revenue determined an income tax deficiency. A delegate of the Secretary of the Treasury made assessments against Sanders for each of the income tax periods noted above. Sanders was given notice of each assessment and received a demand for payment of the assessed liability in accordance with 26 U.S.C. § 6303. As of August 31, 2011, Sanders remained indebted to the United States for unpaid income taxes in the amount of $406,099.09, with interest continuing to accrue.

Sanders allegedly took a number of actions to attempt to evade tax collection, including: execution of documents that placed ownership of his assets with other persons or entities that effectively function as his nominees or his alter ego; conversion of hundreds of thousands of dollars in bank and investment accounts into assets that are difficult to trace (collectable coins and guns); and the transfer of the Fayette Farm and Montgomery Farm to trusts for little or no consideration. These trusts are allegedly illusory and do not constitute legal trusts in that Sanders is the sole owner of the farms, and the trusts are simply Sanders' nominee or alter ego.

The government further alleges that Sanders' transfer of the two farms to trusts was made with the intent to hinder, delay, and/or defraud his creditor, the United States; Sanders transferred the Montgomery Farm without receiving a reasonable equivalent value in exchange, and the Fayette Farm without the grantor receiving a reasonably equivalent value in exchange; the transfers rendered Sanders insolvent; and the transfers were fraudulent under Chapter 740 of the Illinois Statutes, making each void as to the United States of America.

The United States further alleges that pursuant to 26 U.S.C. § 6321-22, a lien in favor of the United States arose on the date of each of the assessments upon all property and rights to property belonging to Sanders, including the Fayette and Montgomery Farms, and that the United States is

entitled to enforce its liens against the farms by judicial sale of each, with distribution of the proceeds to the United States and the defendants in accordance with their interests and priorities.

The United States requests this Court: (1) find that Sanders is liable to the United States for unpaid internal revenue taxes in the amount of $406,099.09, plus interest, penalties, and other statutory additions that continue to accrue from and after August 31, 2011; (2) find that the transfer of the Montgomery Farm to the Y & K Leasing Trust is void as a fraudulent transfer, and Sanders is, therefore, the sole owner of the Montgomery Farm; (3) find that the transfer of the Fayette Farm to the Triple S Family Trust is void as a fraudulent transfer, and Sanders is, therefore, the sole owner of the Fayette Farm; (4) find that the Y & K Leasing Trust is Sanders' nominee/alter ego, and Sanders is, therefore, the sole owner of the Montgomery Farm; (5) find that the Triple S Family Trust is Sanders' nominee/alter ego, and Sanders is, therefore, the sole owner of the Fayette Farm; (6) find that the United States has valid and subsisting tax liens on all property and rights to property belonging to Sanders, (including but not limited to Sanders' interests in the Fayette Farm and the Montgomery Farm) to the extent of Sanders' unpaid federal tax liabilities, including amounts which continue to accrue; (7) order that the United States' liens on the Fayette Farm and Montgomery Farm be enforced by sale of said real estate, free and clear of all rights, title, and interest of the parties, with distribution of the proceeds to the United States and the defendants in accord with their lawful priorities; (8) award the United States costs, fees, and disbursements it incurred for this action; and (9) award the United States such other relief as this Court deems just and proper.

Sanders seeks dismissal of the complaint against him as an individual and in his capacity as trustee, based upon his assertion that the United States has failed to state a claim upon which relief can be granted. Sanders argues that because of the lack of "district directors," the United States is

not entitled to pursue collection remedies against him. In response, the United States asserts that Sanders' motion should be denied because the United States has the power to assess and collect internal revenue taxes, and Sanders' argument that the Internal Revenue Service Restructuring and Reform Act of 1998 Pub.L. No. 105–206, 112 Stat. 685 (1998) ("RRA"),[1] divested the United States of its power to tax lacks merit.

## LEGAL STANDARD

While Sanders frames his motion as one seeking dismissal for plaintiff's failure to state a claim upon which relief can be granted, it appears to the Court that he is actually challenging the plaintiff's standing to bring this claim against him, seeking dismissal under Fed. R. Civ. P. 12(b)(1), and therefore ultimately challenging the Court's subject-matter jurisdiction.[2] In fact, in Sanders' reply, he requests that the Court dismiss the complaint for lack of jurisdiction (Doc. 20 at 5). Nowhere in his motion or reply does Sanders reference the 12(b)(6) standards regarding the sufficiency of the complaint (besides citing 12(b)(6) in the first paragraph of his motion and one

---

[1]The RRA provides that:

(a) The Commissioner of Internal Revenue shall develop and implement a plan to reorganize the Internal Revenue Service. The plan shall (1) supercede any organization or reorganization of the Internal Revenue Service based on any statute or reorganization plan applicable on the effective date of this section; (2) eliminate or substantially modify the existing organization of the Internal Revenue service which is based on a national, regional, and district structure; (3) establish organizational units serving particular groups of taxpayers with similar needs; and (4) ensure an independent appeals function within the Internal Revenue Service . . . ."

Pub.L. No. 105–206, § 1001, 112 Stat. 685 (1998).

[2] Lack of standing and failure to state a claim upon which relief can be granted are "distinct concepts [which] can be difficult to keep separate," but "the question whether a plaintiff states a claim for relief 'goes to the merits' in the typical case, not the justiciability of the dispute." *Bond v. United States*, 131 S.Ct. 2355, 2362 (2011). Sanders argues not the merits of the complaint against him, but the justiciability -- whether the United States has the authority or ability to bring these claims against him in the first place.

sentence stating that the complaint cannot state a claim upon which relief can be granted on page 19 of his motion). The Court will, therefore, consider defendant's motion as a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Under Article III of the Constitution, the judicial power of the United States is limited to cases and controversies, and a plaintiff must have standing to fall within this limitation. *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597-98 (2007). "Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 130 S.Ct. 2743, 2753 (2010); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The plaintiff bears the burden of establishing standing under Article III. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

Plaintiff claims that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, 1345 and 26 U.S.C. §§ 7402-7403. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1340, "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ." Pursuant to 28 U.S.C. § 1345, "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits, or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." Pursuant to 26 U.S.C. § 7402(a):

> [t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or

appropriate for the enforcement of the internal revenue laws.

Finally, pursuant to 26 U.S.C. § 7403(a):

> [i]n any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

Sanders claims that the United States cannot bring the present complaint against him to collect outstanding federal taxes and to enforce tax liens upon his interests in certain realty because, he claims, the United States has failed to follow its own internal revenue statutes and therefore lacks authority to assess or collect taxes. Plaintiff seemingly challenges standing on the basis that the plaintiff cannot claim to be injured by Sanders' actions because plaintiff completely lacks authority to assess or collect taxes or, in other words, Sanders has not violated a legally protected interest of the United States.

## **ANALYSIS**

For the sake of brevity, the Court will not repeat Sanders' entire rendition of the historical progression and restructuring of the tax laws which, in his opinion, led to the loss of the United States' authority to collect or assess taxes. The crux of Sanders' motion for dismissal rests on his assertion that after enactment of the RRA, the district directors were abolished, and, according to the language of particular code sections, the entire federal taxing system rests upon the existence of districts and their directors.[3] He takes issue with the fact that the internal revenue code continues

---

[3] Defendant cites 26 U.S.C. § 7621(a), which provides, *inter alia*, "[t]he President shall establish convenient internal revenue districts for the purpose of administering the internal revenue laws. The President may from time to time alter such districts." He also cites 26 C.F.R. § 301.6301-1, which provides, *inter alia*, "[t]he taxes imposed by the internal revenue laws shall be collected by district

to refer to districts and district directors, even though they no longer exist and have not existed for years. Based upon the various Code of Federal Regulations sections which refer to districts and district directors, and are printed yearly, Sanders asserts that the district structure "continues," as these sections have not been modified, terminated, superseded, set aside, or revoked in accordance with the law. He claims that the RRA did not repeal 26 U.S.C. § 7621, which directs the President to establish internal revenue districts, and provides the jurisdictional basis for administration of the internal revenue laws. He further claims that the district directors are responsible for processes related to liens and levies within internal revenue districts, and because directors no longer exist, the Commissioner has no authority to place liens or levies on Sanders' property. Sanders also claims that the Secretary of the Treasury himself is the only individual authorized to initiate a complaint such as the one against Sanders, and he "doubts" that the Secretary himself authorized the complaint at bar. Finally, Sanders claims that, according to the regulations, the only delegate of the Secretary authorized to make assessments or perform collection functions (such as lien enforcement), is the district director.

Plaintiff asserts that Sanders' district director argument is meritless, and has been rejected by other courts. For instance, in *Grunsted v. Comm'r of Internal Revenue*, 136 T.C. 455, 460-61, 463 n.5 (May 11, 2011), the United States Tax Court addressed the same district director argument Sanders asserts here, clearly explaining why it lacks merit. This Court will not re-invent the wheel, but instead, adopts the United States Tax Court's explanation in the following excerpt:

> An assessment is made by recording the liability of a taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Sec. 6203. Assessments are made by assessment officers who are appointed by the

---

directors of internal revenue."

district director and the director of the regional service center. Sec. 301.6203–1, Proced. & Admin. Regs. Petitioner argues that there is no district director, therefore no assessment officers have been properly appointed and so there can be no valid assessment of frivolous return penalties against him. Petitioner is correct in arguing that there are no longer any district directors. He errs, however, in concluding that there were no valid assessments because of the absence of district directors.

The IRS has been reorganized several times in recent history. The district director position and responsibilities were assigned to others after the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA), Pub.L. 105–206, 112 Stat. 685, required the Commissioner to eliminate or substantially modify the IRS' national, regional and district structure. *Id*. sec. 1001, 112 Stat. 689. To ensure continuity of operations, the RRA specifically included a savings provision. *Id*. sec. 1001(b). The savings provision applies to keep in effect regulations that refer to officers whose positions no longer exist. *Id*. It also provides that nothing in the reorganization plan would be considered to impair any right or remedy to recover any penalty claimed to have been collected without authority. *Id*.

Furthermore, IRS Deleg. Order 1– 23 (formerly IRS Deleg. Order 193, Rev. 6), Internal Revenue Manual pt. 1.2.40.22 (Nov. 8, 2000) allows directors, submission processing field, compliance services field and accounts management field to appoint assessment officers. This order further implemented Congress' intent that the IRS' normal duties, including that of assessment, not be obstructed by the reorganization.[FN5] In short, petitioner's frivolous return penalties were properly assessed and his argument, albeit novel, is without merit.

[FN5]See H. Conf. Rept. 105–599 at 194 (1998), 1998–3 C.B. 747, 948 ("The IRS Commissioner is directed to restructure the IRS by eliminating or substantially modifying the present-law three-tier geographic structure and replacing it with an organizational structure that features operating units serving particular groups of taxpayers with similar needs. * * * The legality of IRS actions will not be affected pending further appropriate statutory changes relating to such a reorganization (e.g., eliminating statutory references to obsolete positions).").

*Id.* District courts have arrived at similar conclusions when faced with similar arguments: in *United States v. Barry*, No. 2:08-cr-56-FtM-99SPC, 2009 WL 1767581, at *2 (M.D. Fla. June 22, 2009), the defendant argued that the lack of internal revenue districts stripped the court of jurisdiction, in that no venue could be found without established districts. The court concluded:

The bureaucratic restructuring of the Internal Revenue Service authorized

> by the Internal Revenue Service Reform and Restructuring Act of 1998 did not eliminate the statutory requirement that defendant file tax returns under the circumstances set forth in the tax statutes. *See* 26 U.S.C. § 6012(a) (2002). An individual such as Mr. Barry is required to file their tax return "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return," 26 U.S.C. § 6091(b)(1)(A)(I), or "at the service center serving the internal revenue district" in which is located the legal residence or principal place of business of the person making the return, 26 U.S.C. § 6091(b)(1)(A)(ii). Thus, as Mr. Barry recognizes . . . , venue is proper in *either* the district of residence or the district where the service center is located. Accordingly, defendant's arguments regarding venue lack merit.

*Id*. Similarly, in *United States v. Springer*, 444 F. App'x 256, 260-61 (10th Cir. 2011), the court defeated an argument strikingly similar to Sanders' as "patently frivolous:"

> Defendants first contend they committed no crimes because no government entity exists outside of Washington, D.C. with the lawfully delegated authority to collect taxes or enforce federal tax laws. As we understand their argument, defendants believe the Secretary of the Treasury is authorized to collect taxes only within the territorial limits of Washington, D.C. *See* Aplt. Revised Opening Br. at 10 (citing 4 U.S.C. § 72 ("All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law.")). To accommodate this geographic restriction, defendants contend, Congress granted the President, pursuant to 26 U.S.C. § 7621, the power to establish internal revenue districts, headed by district directors, to exercise the Treasury Secretary's authority beyond Washington. *See* Aplt. Revised Opening Br. at 8–9. However, Congress passed the Internal Revenue Service Restructuring and Reform Act of 1998 ("RRA"), Pub.L. 105–206, 112 Stat. 685, which, among other things, abolished internal revenue districts and district directors. *See* Aplt. Revised Opening Br. at 11 (citing the RRA and asserting that "[w]ithout [internal revenue districts and district directors] there could never have been any proper delegation of authority outside the District of Columbia from the [Treasury] Secretary to any U.S. Attorney."). Consequently, defendants claim, there is no legally authorized entity to collect taxes or enforce the tax laws, and no criminal offense stemming from their failure to pay taxes. *See id*. ("Without [internal revenue districts and district directors] the indictment failed to allege an offense in all Six Counts because no law required Springer to deliver any Form 1040 ... to any place required by law." (internal quotation marks omitted)).
>
> These types of spurious delegation arguments were rejected as frivolous before the RRA was enacted, *see, e.g.*, *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990), and they have been rejected as frivolous since, *see, e.g.,*

> *United States v. Ford*, 514 F.3d 1047, 1053 (10th Cir. 2008). The Secretary of the Treasury is authorized under 26 U.S.C. § 6091(a) to promulgate regulations prescribing "the place for the filing of any return, declaration, statement or other document." Internal revenue districts are "now defunct," *Allnutt v. Comm'r*, 523 F.3d 406, 408 n. 1 (4th Cir. 2008), but 26 C.F.R. § 1.6091–2(a) requires individuals to file returns with "any person assigned the responsibility to receive returns at the local Internal Revenue Service office that serves the legal residence ... of the person required to make the return." Otherwise, if so instructed, individuals or corporations must file returns with a specifically designated internal revenue service center. *Id*. § 1.6091–2(c).

In short, defendants' delegation argument is patently frivolous.

In accordance with the opinions cited above, the Court **FINDS** Sanders' argument that the lack of districts and district directors renders the United States powerless to assess or collect taxes, and enforce tax laws to be meritless. The RRA contains specific provisions that keep the regulations referring to districts and district directors in full effect, including all of the rights and remedies prescribed therein, even though those districts or district directors no longer exist. Besides asserting his meritless district director argument, Sanders argues no other basis upon which this Court lacks jurisdiction.

## CONCLUSION

In accordance with the statutes conferring jurisdiction upon this Court to enforce IRS liens, and the power conferred upon the United States and its various officers having delegated authority to assess and collect taxes, the Court can find no reason why the United States lacks standing to bring this action against Sanders, or that this case does not otherwise meet the requirements of Article III. The Court, therefore, **DENIES** Sanders' motion to dismiss (Doc. 6) on all grounds raised.

**IT IS SO ORDERED.**

**DATE:  September 17, 2012**

                              **/s/  WILLIAM D. STIEHL**
                                    **DISTRICT JUDGE**