IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-0912-WDS-DGW |
| ) | |
| FRANKIE L. SANDERS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Now pending before the Court is Plaintiff's, United States of America's, Motion to Compel Discovery filed on June 28, 2013 (Doc. 58). This motion pertains to Defendant Frankie Sanders, in his individual capacity, and in his capacity as trustee of both Y & K Leasing Trust Triple S. Family Trust.  Defendant's Response to the Motion to Compel and Objection to a Court Order directing him to respond (Doc. 59) was filed on July 15, 2013 (Doc. 61).  Plaintiff filed a Reply Brief Regarding Motion to Compel on July 30, 2013 (Doc. 62).  For the reasons set forth below, Plaintiff's Motion to Compel Discovery is **GRANTED**.

*Procedural History*

This case has a long and tortured procedural history.  The Plaintiff first filed suit against these defendants on October 11, 2011.  On November 26, 2011, Defendant Sanders filed a motion to dismiss for failure to state a claim (Doc. 6).  On December 6, 2011 the Court set a schedule in this case with a presumptive trial month of January 2013.  On January 19, 2012, after two extensions were granted by the Court, Plaintiff filed a Memorandum in Opposition to the Motion to Dismiss (Doc. 12).  On January 31, 2012 this Court entered an Order Regarding Discovery  (Doc. 19) which governs the production of discovery in this case.

On August 3, 2012, Plaintiff filed an initial Motion to Compel Discovery (Doc. 21). On August 14, 2012 Defendant filed a Response in Opposition to Plaintiff's Motion to Compel Discovery (Doc.23). The Court took the Motion to Compel under advisement and issued an Order to Show Cause to Defendant Sanders (Doc. 24). On September 17, 2012, Defendants Motion to Dismiss (Doc. 6) was denied. On September 27, 2012 the Court held a hearing on the order to show cause and ordered Defendant Sanders to respond to Plaintiff's Request to Produce Set II by October 9, 2012 (Doc. 32).

On December 12, 2012, Defendant's attorney, Jerold W. Barringer, was terminated from this action (Doc. 35). The Court notified Defendant Sanders that he could have new counsel enter or proceed pro se and ordered him to notify the Court by January 2, 2013 of his intention. Defendant Sanders did not notify the Court by the deadline and, on January 7, 2013, the Court entered an order, ordering Defendant Sanders to show cause why such notification had not been made. On January 25, 2013, the Court construed Defendant Sanders response to its show cause order as notification of his intent to proceed pro se.[1]

On June 28, 2013, Plaintiff filed the instant motion to compel discovery. The motion is fully briefed and before the court.

*Discussion*

*Factual background*

Reggie Sanders is a 67-year-old resident of the Ramsey, Illinois. For many years he did not file or pay income tax. The IRS has been investigating Mr. Sanders for many years. Its investigation revealed that Mr. Sanders was a wealthy farmer with substantial income. The IRS

---

[1] As of today's date no counsel has entered an appearance for Defendant Sanders and he is proceeding in this action pro se.

alleges that Mr. Sanders operates two farms, a 160 acre farm in Fayette County, Illinois and the other a 215 acre farm in Montgomery County, Illinois.

Land records identify the owner of the Fayette County farm as the Triple S Family Trust and identify the owner of the Montgomery County farm as the Y&K Leasing Trust. The IRS alleges that these trusts are illusory. The IRS filed the instant action to reduce to judgment the income tax liabilities previously assessed against defendant Sanders for the years 1991 through 1997. The IRS also is seeking to enforce the liens associated with Sanders tax liabilities against the Fayette farm and the Montgomery farm under I.R.C. §7403. The IRS alleges that the original tax liabilities from 1991 through 1997 of $96,000 have accumulated penalties and interest and increased to a balance of over $400,000. The IRS alleges that Sanders has made no payment toward his tax liabilities for the years 1991 to 1997. Prior to this lawsuit, Sanders refused to disclose his financial records during the IRS audit. The discovery in this case is similar to the discovery sought by the IRS during the agency audit.

*Discovery in Dispute*

In his answer to the complaint Sanders denied that he owed the tax assessments for the years 1991 through 1997. He also denied that he was the owner Fayette farm and the Montgomery farm. As a result, the United States served discovery to determine the factual basis of Mr. Sanders' denial.

- United States served REQUEST TO PRODUCE SET I on March 26, 2012 asking for financial records pertaining to the Fayette and Montgomery County Farms for the years 1991 to 1997. Additionally, the United States served REQUEST TO PRODUCE SET II and REQUEST TO PRODUCE SET III requesting trust

- documents and financial records for the Triple S Family Trust and the Y&K Leasing Trust from inception to the present.

- On January 24, 2013 the United States served its first set of interrogatories asking for the identity and location of Mr. Sanders' sons, Eric and Jeffrey. The IRS had developed information that indicated that Eric and Jeffrey were involved in the trusts and the farms as either workers/managers/trustee and/or successor trustees.

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to disclose witnesses and documents that party may intend to use to support his contentions and litigation.

The Court notes that the date set by the Court to produce discovery has passed and Sanders has not produced any documents requested by Plaintiff in this case. He has not answered interrogatories posed by the United States and he has not made any disclosures required by the Federal Rules of Civil Procedure.

In Defendant's response to the government's motion he states two major points. First, he alleges that any documents that exist were given to the IRS in 2007 or 2008 prior to the filing of this lawsuit. He argues that because these documents were given to the IRS in 2007 and 2008 he is under no obligation to produce them in this action. He also argues that no other documents exist. Defendant's answer to the motion to compel addresses several complaints all of which are irrelevant to the motion before the court.[2] Moreover, Defendant argues that this Court's orders "accomplish little."[3]

---

[2] Sanders complains that the IRS is immediately levying his Social Security benefits. He further complains because the IRS has not answered his questions they don't have a right to sue. He argues that because his procedural due process rights were violated by the IRS he should not have to answer anything until the IRS answers his questions.

[3] . . . "Responding to the Magistrate's Order demanding an answer or face the possibility of sanctions for not responding to the motion to compel seems to accomplish little." Defendant's Response and Objection to Court Order and Motion to Compel. p.1

4

*Legal Authority*

Pursuant to Federal Rule of Civil Procedure 37, a district court may impose sanctions upon a party who violates an order directing discovery. *Moore v. Doe,* 108 F.3d 1379 (7th Cir.1997). When a party, a party's officer, or a witness designated under Rule 30(b)(6) or 31(a)(4) fails to obey a discovery order, the district court may impose sanctions, including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," and "dismissing the action in whole or in part." Rule 37(b)(2)(A)(i) and (A)(v). "An award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general." *Woods v. Chicago Transit Authority,* 2006 WL 2460618, *2 (N.D.Ill. Aug. 18, 2006) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). "While the court has broad discretion to fashion an appropriate sanction, it must be proportionate to the circumstances surrounding a failure to comply with discovery." *Haynes v. Dart,* 2010 WL 140387, *3 (N.D.Ill. Jan. 11, 2010) (citing *National Hockey League,* 427 U.S. at 642–43, 96 S.Ct. at 2780–81) (internal citations omitted). There are two limitations upon a court's discretion to impose sanctions under Rule 37(b)(2): the sanctions must be "just" and they must "relate to the particular claims to which the discovery order was addressed." *Morris v. United States,* 37 Fed.Cl. 207, 213 (1997) (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 69, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)).

It is clear this Court that Defendant Frankie L. Sanders has not, to this point, cooperated with the discovery process and does not intend to cooperate with the discovery process.  He has obfuscated, delayed and dragged out the legal process because it is clear he does not believe there is any legal authority for the IRS to collect his taxes. His beliefs, however, are not at issue at this stage of the litigation. What is at issue, is whether Defendant has to follow the lawful orders of the Court. This Court determines that he does.

This Court therefore **ORDERS** Defendant Frankie L. Sanders to answer Plaintiff's discovery requests by **September 13, 2013**.  Defendant Sanders is **WARNED** that failure to fully answer the United States discovery requests will result in a report and recommendation to District Judge William D. Stiehl recommending an entry of judgment for Plaintiff United States and against Defendant Sanders. The Court further finds that Defendant Sanders has waived any opportunity to object to the United States requests for discovery. Defendant is obligated, therefore, to respond to Plaintiff's discovery request without objection.  Plaintiff United States is **ORDERED** to file a report with the court regarding Defendant's compliance with this order by **September 20, 2013**.

**SO ORDERED:**

**Dated: AUGUST 29, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**