IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:11-CV-912-NJR ) |
| FRANKIE L. SANDERS, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are two motions filed by Defendant Frankie Sanders: (1) Objection to the Motion for Order to Sell Property and Motion to Strike all Pleadings (Doc. 134); and (2) Objection and Motion to Set Aside Order to Sell Sanders' Fayette and Montgomery Properties (Doc. 135). For the reasons set forth below, these motions are denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Frankie Sanders is a self-employed farmer. (Doc. 2, p. 1). Unfortunately, however, he has not filed a federal income tax return or paid federal income taxes since at least 1991. (Doc. 2, p. 3). In fact, it is unclear if he has ever done so. He is a "tax defier" and believes that he has no obligation to pay income taxes. (Doc. 121-1, pp. 1-2). As many tax protestors before him have learned, adherence to this belief, no matter how sincerely held, is unwise and can be costly.[1] That is the case here. The Government filed this

---

[1] As the Seventh Circuit warned, "Few people enjoy paying taxes . . . [but] taxpayers, even very frustrated taxpayers, should resist the false siren call of the tax protester movement." *United States v. Engh*, 330 F.3d 954, 956 (7th Cir. 2003). *See also United States v. Ford*, 514 F.3d 1047, 1053 (10th Cir. 2008) (describing tax

collection lawsuit seeking to satisfy, or at least partially satisfy, Mr. Sanders's tax debt by selling the two farms on which three generations of his family have earned their livelihood. (Doc. 2).

On February 18, 2016, this Court entered an Order granting summary judgment to the Government in this case. (Doc. 102). Mr. Sanders appealed that decision to the Seventh Circuit Court of Appeals, which affirmed this Court's ruling and fined Mr. Sanders for filing a frivolous appeal. (Docs. 120, 121-1). After the denial of his appeal, the Government moved the Court for an order to sell the Fayette and Montgomery farms. (Docs. 129, 130). The Government's motions were granted on November 2, 2017. (Docs. 131, 132). Sanders then filed the pending motions asking this Court to strike all pleadings and to set aside the orders to sell the two properties.

## ANALYSIS

Sanders's main argument is the Court lacks subject matter jurisdiction because the Assistant United States Attorneys in this case did not have authority to represent the government or bring suit against Sanders. (Doc. 134, pp. 5-6). Specifically, he argues that an attorney employed by the Department of Justice is not authorized to represent the Attorney General in Court. (Doc. 134, p. 6).

The United States Supreme Court held in *United States v. California*, 67 S.Ct. 1658, 1662 (1947), that "Congress has given a very broad authority to the Attorney General to

---

protestor arguments as "patently frivolous"); *Stearman v. C.I.R.*, 436 F.3d 533, 537 (5th Cir. 2006) (describing tax protestor arguments as "shopworn" and "universally rejected by this and other courts"); *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) (describing tax protestor arguments as "frivolous squared"); *Crain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir. 1984) (describing a tax protestor's appeal as "a hodgepodge of unsupported assertions, irrelevant platitudes, . . . legalistic gibberish, [and] spurious arguments").

institute and conduct litigation in order to establish and safeguard government rights and properties." The United States Code specifically authorizes the Attorney General to delegate the performance of any of his duties to other officers or employees of the Department of Justice. 28 U.S.C.A. § 510. The United States Attorneys' Manual delegates the Attorney General's responsibilities to various different departments, including the Tax Division, which is authorized to bring suits at the request of the IRS, pursuant to 26 U.S.C. § 7401. *See United States Attorneys' Manual,* Title 6: Tax, Section 6-5.110, https://www.justice.gov/usam/usam-6-5000-civil-tax-case-responsibility#6-5.110 (last visited November 9, 2017). Thus, the Attorney General had authority to, and did, delegate the litigation of claims for failure to pay taxes to the Assistant United States Attorneys in this case.

## CONCLUSION

For these reasons, Sanders's latest motions are without merit and thus the Motion to Strike the Pleadings in this Case (Doc. 134) and Motion to Set Aside the Orders to Sell the Fayette and Montgomery Properties (Doc. 135) are **DENIED.**

**IT IS SO ORDERED.**

DATED:   November 13, 2017

*(signature: Nancy J. Rosenstengel)*

**NANCY J. ROSENSTENGEL**
**United States District Judge**